**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA TRICHILO and CITY MARKET CAFÉ | : | |
| *Plaintiffs* | : | |
| vs. | : | Case No. |
| UNITED STATES OF AMERICA acting Through the United States Department of Agriculture, Food and Nutrition Service | : | JURY TRIAL DEMANDED |
| *Defendant* | : | |

COMPLAINT FOR JUDICIAL REVIEW OF ADMINISTRATIVE DETERMINATION AND REQUEST FOR STAY

Plaintiffs Lisa Trichilo and City Market Café by and through the undersigned counsel, brings this action against Defendant United States of America acting through the United States Department of Agriculture, Food and Nutrition Service and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for judicial review of a final administrative determination issued by the United States Department of Agriculture ("USDA"), Food and Nutrition Service ("FNS"), in Administrative Review Case No. CO297611, which disqualified Plaintiff from participation in the Supplemental Nutrition Assistance Program ("SNAP").

2. Judicial review is authorized by 7 U.S.C. § 2023(a)(15), which provides for a trial de novo in the United States District Court.

3. Plaintiff also seeks a stay of the administrative disqualification pursuant to 7 U.S.C. § 2023(a)(17) pending final disposition of this action.

4. The final administrative determination became effective on September 8, 2026.

## II. JUURISDICTION AND VENUE

5. The Plaintiff incorporates by reference each of the preceding paragraphs one (1) through four (4) of this Complaint as the same were set forth more fully in length herein.

6. This Court has jurisdiction pursuant to 7 U.S.C. § 2023(a)(13), (15), and (17), and 28 U.S.C. § 1331.

7. Venue is proper in the Middle District of Pennsylvania because Plaintiff is located and resides, conducts business, and was authorized to participate in SNAP within this judicial district.

8. This action has been commenced within thirty (30) days after delivery of the final administrative review determination as required by 7 U.S.C. § 2023(a)(13). A copy of which is attached hereto made a part hereof marked as Exhibit "A".

## III. PARTIES

9. The Plaintiff incorporates by reference each of the preceding paragraphs one (1) through eight (8) of this Complaint as the same were set forth more fully in length herein.

10. Plaintiff City Market Café is a retail food store authorized by FNS to participate in SNAP and conducts business at 300 Adams Ave #302, Scranton, PA 18503.

11. Defendant United States of America acts through USDA and FNS, the federal agency responsible for administering SNAP pursuant to the Food and Nutrition Act of 2008.

## IV. ADMINISTRATIVE PROCEEDINGS

12. The Plaintiff incorporates by reference each of the preceding paragraphs one (1) through eleven (11) of this Complaint as the same were set forth more fully in length herein.

13. Plaintiff was authorized to redeem SNAP benefits and participated in the program in accordance with federal law for a lengthy period of time without any issue.

14. FNS initiated an investigation concerning Plaintiff's SNAP transactions.

15. Following the investigation, FNS issued a charging letter alleging violations of SNAP regulations based on a nominal financial event and one which was readily addressed.

16. Plaintiff timely responded and denied the alleged violations.

17. FNS thereafter issued a determination disqualifying Plaintiff pursuant to 7 C.F.R. § 278.6(e)(5) for a minor event which was the product of a now former employee acting contrary to store policy and the law.

18. Plaintiff timely sought administrative review.

19. Administrative Review Case No. CO297611 was assigned.

20. FNS affirmed the sanction and issued a Final Agency Decision.

21. The Final Agency Decision became effective on September 8, 2026.

22. Plaintiff denies that the alleged violations occurred as asserted by FNS and that any sanction imposed is wrongful and unwarranted and grossly disproportion.

23. Plaintiff further denies that the evidence relied upon by FNS supports the sanction imposed.

## V. CLAIM FOR JUDICIAL REVIEW

24. The Plaintiff incorporates by reference each of the preceding paragraphs one (1) through twenty-three (23) of this Complaint as the same were set forth more fully in length herein.

25. Under 7 U.S.C. § 2023(a)(15), this Court is required to conduct a trial de novo and determine the validity of the administrative action.

26. The administrative determination is erroneous and unsupported by the evidence.

27. FNS improperly concluded that Plaintiff committed violations warranting disqualification.

28. The agency relied upon transaction data and inferences that do not establish program violations by a preponderance of the evidence and is the absence of that proof and any sanction is without justification or basis.

29. Plaintiff maintained policies and procedures designed to ensure compliance with SNAP regulations.

30. To the extent any improper transactions occurred, they were not authorized, directed, or knowingly permitted by Plaintiff.

31. The sanction imposed is excessive and unsupported by the record and causes extreme hardship to the Plaintiff and to the customers of the Plaintiff.

32. Plaintiff has suffered and will continue to suffer substantial economic injury as a result of the disqualification as well as devastating adverse impact on the community.

33. Plaintiff is entitled to reversal of the administrative determination and restoration of SNAP authorization.

## VI. REQUEST FOR STAY OF ADMINISTRATIVE ACTION

(7 U.S.C. § 2023(a)(17)

34. The Plaintiff incorporates by reference each of the preceding paragraphs one (1) through thirty-three (33) of this Complaint as the same were set forth more fully in length herein.

35. Pursuant to 7 U.S.C. § 2023(a)(17), this Court may temporarily stay the administrative action pending disposition of this case upon consideration of:

a. Plaintiff's likelihood of prevailing on the merits; and

b. Irreparable injury to Plaintiff.

36. Plaintiff has a substantial likelihood of success because the administrative determination is unsupported by competent evidence and will not withstand de novo review.

37. Plaintiff will suffer immediate and irreparable harm if the disqualification remains in effect during the pendency of this litigation.

38. A substantial portion of Plaintiff's revenue is derived from SNAP transactions.

39. Continued disqualification will result in loss of customers, loss of goodwill, employee hardship, and economic damages that cannot be fully remedied after final judgment.

40. A stay would preserve the status quo pending judicial review.

41. The public interest favors maintaining access to food purchasing options for SNAP beneficiaries served by Plaintiff's store as any denial would adversely and severely impact the neighborhood which supports this business.

42. This request is further set forth in a separate motion filing.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction over this action;

B. Stay the effectiveness of the FNS disqualification pending final disposition of this action pursuant to 7 U.S.C. § 2023(a)(17);

C. Conduct a trial de novo pursuant to 7.U.S.C. § 2023(a)(17);

D. Reverse the administrative determination in Administrative Review Case No. CO297611;

E. Restore Plaintiff's SNAP authorization and participation privileges;

F. Award Plaintiff costs and such other relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial as provided by 7.U.S.C. § 2023(a)(15);

Respectfully submitted,

BRESSET & SANTORA, LLC.

Date: October 7, 2026

BY: _/s/STEPHEN G. BRESSSET
STEPHEN G. BRESSET, ESQUIRE
BRESSET & SANTORA, LLC.
ID # 22624
812 Court Street
Honesdale, PA 18431